| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>June 14, 2026 11:50 PM<br>FILING ID: 44BFA92E92B17<br>CASE NUMBER: 2026CV32182 |
| **Plaintiff:** OUMAR SOUMARE and KALIDOU DEH,<br><br>v.<br><br>**Defendant:** CR LOWRY COMMUNITIES, LLC; GREP SOUTHWEST, LLC dba NOVI AT LOWRY; GREYSTAR MANAGEMENT SERVICES, LLC; GREYSTONE WORLDWIDE, LLC; and COLUMBIA DEBT RECOVERY. | ▲ COURT USE ONLY ▲ |
| ***ATTORNEYS FOR PLAINTIFF*:**<br>Meredith Quinlivan, No. 38016<br>Goodspeed Merrill<br>9605 S Kingston Court, Ste 200<br>Englewood, CO 80112<br>Telephone: (720) 473-7644<br>Email: mquinlivan@goodspeedmerrill.com | Case No.<br><br>Courtroom |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Oumar Soumare and Kalidou Deh, though their counsel, Goodspeed Merrill, files this Complaint against Defendants, CR Lowry Communities, LLC, GREP Southwest, LLC dba Novi at Lowry, Greystar Management Services, LLC, Greystar Worldwide, LLC, and Columbia Debt Recovery, and alleges as follows:

## PARTIES

1. At all times relevant hereto, Oumar Soumare and Kalidou Deh ("Plaintiffs") are residents of the State of Colorado.
2. At all times relevant hereto, CR Lowry Communities, LLC ("Defendant CR Lowry"), is a Delaware limited liability company with its principal place of business at 444 W Beech St Ste 300, San Diego California 92101. CR Lowry operates in Colorado through its

registered agent C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, Colorado 80112.

3. At all times relevant hereto, GREP Southwest, LLC dba Novi at Lowry ("Defendant Novi"), is a Delaware foreign limited liability company with its principal place of business at 465 Meeting Street, Suite 500, Charleston, South Carolina 29403. Novi operates in Colorado through its registered agent C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, Colorado 80112.

4. At all times relevant hereto, Greystar Management Services, LLC, a wholly owned subsidiary of Greystar Worldwide, LLC ("Defendant Greystar"), is a Delaware foreign limited liability company with its principal place of business at 465 Meeting Street, Suite 500, Charleston, South Carolina 29403. Greystar operates in Colorado through its registered agent C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, Colorado 80112.

5. Defendant Columbia Debt Recovery, LLC, dba Genesis ("Columbia"), is a Washington limited liability company with its principal place of business in 906 SE Everett Mall Way, Suite 301, Everett, Washington 98208. Columbia operates in Colorado through its registered agent Corporation Service Company, 1900 W Littleton Blvd, Littleton, Colorado 80120.

**JURISDICTION & VENUE**

6. This Court has personal jurisdiction over Defendants pursuant to C.R.S. § 13-1-124 because they conduct business and have an ownership interest in the real property relating to the dispute in this case.

**7.** Venue is proper in this Court pursuant to C.R.C.P. 98(c), because Denver County, Colorado is the county in which Plaintiffs reside, Defendant's wrongful acts alleged herein were committed, and is where the real property relating to this action is located.

**GENERAL ALLEGATIONS**

8. This dispute arises from Defendants CR Lowry, Novi and Greystar's (collectively "Defendant Leasors") violation of a residential Lease Agreement between Defendants and Plaintiffs for 8000 E. 12th Avenue #11-11, Denver, Colorado, 80220. *See,* Exhibit 1. Apartment Lease Contract ("Lease Agreement").

9. The Parties entered the Lease Agreement on February 3, 2023, with Defendant Leasors for rental property located at 8000 E. 12th Avenue, Apt 11-11, Denver, Colorado 80220 (hereinafter "the Property").

10. Plaintiffs noticed what appeared to be the presence of mold on and around the bathroom ceiling of the Property, spreading from under the bathtub and shower from the unit immediately above.

11. Subsequently, Plaintiffs notified and reported the purported mold damage to Defendant Leasors at Defendant's onsite leasing office.

12. Following Plaintiffs maintenance request, Defendant Leasors's maintenance team entered the apartment to inspect the purported mold damage and determined that there was mold.

13. Defendant Leasors assessed the mold damage and determined that the damage was severe enough to require Plaintiffs to vacate the Property for Defendant Leasors to complete necessary repairs and remediation.

14. Section 27 of the Lease Agreement permits Defendant Leasors to terminate the Lease Agreement before the lease term in cases of catastrophic damage. *See,* Exhibit 1. at ¶ 27.

15. Plaintiffs vacated the property on June 14, 2023, after receiving a notice of lease termination from Defendant Leasors citing the presence of mold.

16. Defendant Leasors failed to identify the cause of mold and Defendant Leasors failed to provide any evidence that Plaintiffs caused the mold, failed to remediate the mold or failed to provide sufficient notice to Defendant Leasors.

17. Defendant Leasors assessed $15,280.00 in charges ("Mold Throughout Unit") to Plaintiffs as seen on Plaintiffs' move-out statement.

18. Section 27 of the Lease Agreement allows Defendant Leasors, in the case of "catastrophic damage", to terminate the lease or relocate the tenant. *See, Id.*

19. Upon termination and pursuant to the Lease Agreement, Defendant Leasors failed to refund Plaintiffs any prorated rent, security deposit, less any lawful deductions.

20. Section 49 of the Lease Agreement lists the items that Defendant Leasors may deduct from the security deposit or charge to the tenant. *See also,* C.R.S. §38-12-103. This includes damage greater than normal wear and tear and lists charges such as unapproved holes. This section of the Lease Agreement does not include charges for mold damage that was not caused by the tenant. *See,* Exhibit 1. at ¶ 49.

21. The Lease Agreement provides only that Defendant Leasors may charge damages and fees pursuant to this Lease Agreement. *See, Id.*

22. Defendant Leasors submitted the alleged outstanding account balance to Columbia for collection on December 18, 2024 (hereinafter "the Move-Out Fee").

23. Columbia has since repeatedly attempted to collect the Move-Out Fee from Plaintiffs in duplicate.

24. Plaintiffs have not paid the alleged Move-Out Fee.
25. Columbia reported the outstanding balance to credit reporting agencies.
26. Columbia has continued its attempts to collect the debt from Plaintiffs' again on December 16, 2025.
27. Plaintiffs individually have suffered significant credit damage from the $15,280.00 charges.
28. Plaintiffs have been unable to obtain personal loans due to the impact of the illegal charges on their credit score.
29. Plaintiffs are members of a protected class, and English is not Plaintiffs first language.
30. Plaintiffs have identified and are aware of other tenants that have suffered injury due to Defendant Leasors charging excessive and undue charges on move out statements. These charges arose after the tenants made a good faith complaints of damage to Defendant Leasors' management.

**FIRST CLAIM FOR RELIEF**
**(Breach of the Lease Agreement by Defendant Leasors)**

31. Plaintiffs hereby incorporate by reference all prior allegations set forth in this Complaint.
32. The Lease Agreement constitutes a valid, binding and enforceable contract between the Parties.
33. Plaintiffs have substantially performed all their duties in accordance with the Lease Agreement and subsequent Notice of Lease Termination.
34. Defendant Leasors failed to meet its responsibilities under the Lease Agreement by charging $15,280.00 for mold damage, when the mold was not caused by Plaintiffs.

35. As the landlord, Defendant Leasors is responsible for the cost of mold remediation and repairs unless Defendant Leasors can prove that the mold was "substantially caused by Plaintiffs' misconduct."

36. Defendant Leasors has provided no documentation explaining that the mold was caused by the Plaintiff's misconduct.

37. Plaintiffs have suffered substantial financial and credit and damages as a result of Defendant Leasors's breach.

38. Plaintiffs were not negligent on or prior to the Incident.

39. Plaintiffs have not failed to mitigate their damages.

40. To the best of Plaintiffs' knowledge, no other party caused, or contributed to the cause of the damage to the Property.

**SECOND CLAIM OF RELIEF**
**(Unfair and Deceptive Trade Practices Against Defendant Leasors)**

41. Plaintiffs hereby incorporate by reference all prior allegations set forth in this Complaint.

42. Defendant Leasors knowingly or recklessly engaged in the unfair or deceptive or deliberately misleading practice of charging its tenants excessive charges on their moveout statements that were the landlord's responsibility.

43. Defendant Leasors's conduct occurred in the course of its business of leasing apartment units to residential consumers.

44. Defendant Leasors's actions of charging tenants excessive and undue charges on their move out statement has significantly impacted the public and other tenants as consumers and impacts potential consumers.

45. Plaintiffs know other tenants that have received unjustified, excessive, and illegal charges on their move out statements to repair damage that was not caused by the tenant and were issued after the tenant made a good faith complaint to Defendant Leasors.
46. Plaintiffs are members of Denver's West African community and do not speak English as a first language.
47. The other tenants that have been adversely affected by Defendant Leasors conduct are similarly from traditionally underrepresented backgrounds and do not speak English as their first language.
48. Plaintiffs, and other tenants, are subject to a form Lease Agreement that affords them little bargaining power in comparison to Defendant Leasors who is a national multifamily owner and manager. Defendant Leasors has the advice of legal counsel in drafting its leases and offers its Lease Agreements on a simple take it or leave it basis.
49. Defendant Leasors deceptive practices have impacted Plaintiffs and at least one other previous tenant.
50. Defendant Leasors' deceptive practices have impacted an array of previous and current tenants and Defendant Leasors has not made any effort to mitigate the harm they caused with Plaintiffs directly and have shown no behaviors indicative that changes are being made, in fact, Plaintiffs are identifying more tenants that have been adversely impacted, even those still residing at the property after Plaintiffs vacated their apartment.
51. Plaintiffs suffered injury to their credit scores, a legally protected interest under Colorado law.
52. Defendant Leasors's unlawful charges and act of reporting undue debts to Columbia have caused severe credit damage to Plaintiffs.

53. Plaintiffs were not negligent on or prior to the Incident.

54. Plaintiffs have not failed to mitigate their damages.

55. To the best of Plaintiffs' knowledge, no other party caused, or contributed to the cause of the damage to the Property.

**THIRD CLAIM OF RELIEF**
**(Defendant Leasors and Columbia's Violation of the Colorado Fair Debt Collection and Practices Act)**

56. Plaintiffs hereby incorporate by reference all prior allegations set forth in this Complaint.

57. Defendant Columbia qualifies as a debt collector under the Colorado Fair Debt Collection and Practices Act. Columbia holds itself out to the public as a "collections specialist in the multi-family community." Columbia is in the business of regularly collecting or attempting to collect debts owed or due and principal purpose is the enforcement of collections.

58. Defendant Leasors through Columbia has harassed and abused Plaintiffs in its attempt to collect the debt by its repeated and persistent communications demanding payment.

59. Columbia has violated the Fair Debt Collection and Practices Act by incessantly communicating with Plaintiffs to collect a debt not owed.

60. Columbia, through its business with, Defendant Leasors knows or should know that Plaintiffs do not legally owe the outstanding balance yet continually demand payment from Plaintiffs.

61. Defendant Leasors through Columbia has reported the balance to credit reporting agencies despite knowing that the balance is not owed by Plaintiffs.

62. Plaintiffs are members of a protected class. They are members of Denver's West African refugee community and English is not their primary language.

63. Plaintiffs due to their cultural background have been and are particularly susceptible to harassment, oppression, and abuse.

64. Plaintiffs have suffered severe credit injury and financial distress as a direct result of Defendant Leasors and Columbia's unfair debt collection practices.

65. Columbia has violated the statute in its attempt to collect debts Plaintiffs allegedly owe as consumers previously residing at the property.

66. Plaintiffs were not negligent on or prior to the Incident.

67. Plaintiffs have not failed to mitigate their damages.

68. To the best of Plaintiffs' knowledge, no other party caused, or contributed to the cause of the damage to the Property.

**FOURTH CLAIM OF RELIEF**
**(Defendant Leasors' Violation of §38-12-509 Prohibition on Retaliation for a Tenants Good Faith Complaint)**

69. Plaintiffs hereby incorporate by reference all prior allegations set forth in this Complaint.

70. Defendant Leasors's termination of the Lease Agreement and excessive charges on Plaintiffs' Move-Out Fee violate §38-12-509.

71. The presence of mold in Plaintiffs' apartment constitutes a habitability condition materially affecting Plaintiffs' health and safety.

72. Plaintiffs in good faith reported the existence of mold to Defendant Leasors.

73. Defendant Leasors's decision to terminate Plaintiffs' Lease Agreement was motivated, at least in part, by the Plaintiff's good faith complaint. Defendant Leasors notified Plaintiffs that it was terminating their lease immediately following Plaintiffs' complaint. Defendant Leasors used Plaintiffs' complain as an opportunity to illegally allocate charges, the $15,280.00 to the tenant that Defendant Leasors would have otherwise had to pay.

74. Plaintiffs were not negligent on or prior to the Incident.

75. Plaintiffs have not failed to mitigate their damages.

76. To the best of Plaintiffs' knowledge, no other party caused, or contributed to the cause of the damage to the Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the court enter into judgment in their favor and against Defendants for breach of contract, unfair and deceptive trade practices, violation of the Colorado Unfair and Deceptive Debt Collection and Practices Act, and retaliation against Plaintiffs for making a good faith complaint pursuant to §38-12-509. Plaintiffs request judgment against Defendants, jointly and severally, for all damages allowed by law, together with pre- and post-judgment interest, costs, attorney fees where permitted, and such other and further relief as the Court deems just and proper.

Respectfully submitted this June 14, 2026.

**GOODSPEED MERRILL**

*/s/ Meredith Quinlivan*
Meredith Quinlivan
9605 S Kingston Court, Ste 200
Englewood, CO 80112
(720) 473-7647
mquinlivan@goodspeedmerrill.com

*Attorneys for Plaintiffs*

*Plaintiffs' Address:*
Oumar Soumare and Kalidou Deh
1150 Syracuse Street, Building 8, Apt. 135
Denver, CO 80220